THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RICHARD TAYLOR, Appellant.

First Department, March 9, 1965.

*Myron J. Greene* of counsel (*Myron J. Greene* and *Jack Rosenberg,* attorneys), for appellant.

*Malvina H. Guggenheim* of counsel (*Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* This is an appeal from a judgment of the Supreme Court entered June 27, 1963 in New York County convicting the defendant of murder in the first degree and sentencing him to State prison for life. Among other grounds for his appeal, the defendant claims that his confession used against him upon the trial was obtained after he asked the privilege of calling his family and after his family sought to see him; that he had a constitutional right to consult with his family before being further interrogated by the police; that the record shows he was denied this privilege; and that hence the confession which he made was involuntarily obtained and inadmissible.

The defendant testified that directly after he was taken to the police station, and before being taken upstairs for questioning, he asked Detective Santiago if he could call his family, and the detective told him he could not. Detective Santiago was not called to testify. Defendant also testified that he later asked Detective Rice and other detectives present to call his family, and they refused; but this testimony was denied by Detective Rice. Defendant's brother testified that he came to the police station with defendant's family to see the defendant. The police brought the brother into defendant's presence in an effort to help obtain the confession; but the brothers did not speak to each other in private. Although defendant's family were at the police station during much of the time defendant was being interrogated, they were not permitted to consult with him. There is no testimony that they expressly asked to talk with defendant that evening, but it is reasonable to assume that that was why they went there, and that they were denied the privilege.

In *People* v. *Donovan* (13 N Y 2d 148) it was held that a confession by the police after they had refused defendant's request to consult his attorney was inadmissible (see, also, *Escobedo* v. *Illinois,* 378 U. S. 478). In *People* v. *Failla* (14 N Y 2d 178) it was held that where the police denied access to the defendant by an attorney sent to him by his parents, a confession then in the process of being taken was rendered inadmissible. Many persons accused of crime are not wise enough, without suggestion, to ask to see a lawyer, or are so impecunious that they believe they cannot obtain one without outside aid; and the request of such a person to see his family may be his way of

seeking legal assistance. But even if he does not rationalize his reasons for asking for his family, we must assume that he makes such request in order to obtain help; and he is entitled to have the benefit of their advice and aid, which may include retention of counsel for him. It seems, therefore, to be a logical and proper extension of the rationale of the *Donovan* and *Failla* cases (*supra*), to hold that where a defendant has asked to see his family or his family have asked to see him, and such request is denied, any confession thereafter obtained by the police will be inadmissible against him upon his trial.

The record concerning defendant's request to see his family is not conclusive. He testified he did ask to see them; one of the detectives testified he did not. However, the detective to whom he claims to have made the request was not a witness. We now rule that if the request was made and refused, the confession is inadmissible. Of course, if the defendant made the request and then withdrew it or then decided voluntarily to make a confession without seeing his family, it would be admissible. This record presents a question of fact on this issue which must be submitted with appropriate instructions to a jury for determination. Since it was not, a new trial is required. It is noted that this issue has been raised while the judgment of conviction is still subject to review in ordinary appellate process.

Upon such trial, not only this issue but that of voluntariness of the confession should be submitted to the jury. In advance of the trial of this latter issue, the court will determine the voluntariness of the confession as a preliminary matter in accordance with the procedure provided in *People* v. *Huntley* (15 N Y 2d 72). At the same time, following the same procedure, the court will hear testimony on the claim that the defendant, before his confession, requested and was denied permission to see his family who were at the same time at the police station seeking to see him. If the court decides, as a question of law, that the request was made under such circumstances, and denied, appropriate findings and conclusions of law should be made in respect thereof. If it resolves the question adversely to the defendant, then the question will be submitted, together with the issue of the voluntariness of the confession, to the trial jury.

Accordingly, the judgment of conviction should be reversed, on the law, and a new trial should be ordered.

BREITEL, J. P., VALENTE, McNALLY, STEUER and WITMER, JJ., concur.

Judgment of conviction unanimously reversed on the law and a new trial ordered.